THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KENNETH RAMIREZ,** | : |
| **Plaintiff,** | : |
| v. | : 3:20-CV-1936 |
| | : (JUDGE MARIANI) |
| **COMMONWEALTH OF** | : |
| **PENNSYLVANIA, et al.** | : |
| **Defendants.** | : |

FILED
SCRANTON

AUG 23 2022

PER _____
DEPUTY CLERK

## ORDER

AND NOW, THIS ___22nd___ DAY OF AUGUST, 2022, upon review of Magistrate Judge Martin Carlson's Report and Recommendation ("R&R") (Doc. 47) for clear error or manifest injustice, **IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 47) is **ADOPTED** for the reasons set forth therein.

2. Defendants' Motion to Dismiss Amended Complaint (Doc. 17) is **GRANTED**.

3. Plaintiff's federal law claims are **DISMISSED WITH PREJUDICE**.[1]

---

[1] With respect to Plaintiff's First Amendment claim, the Court distinguishes the present case from other cases which have found that reporting of a crime in the workplace may constitute a matter of public concern. For example, in *Javitz v. County of Luzerne*, 940 F.3d 858 (3d Cir. 2019), the Third Circuit found that the plaintiff's report of an alleged illegal wiretapping of her in connection with her duties as human resources manager was protected speech because she sought to report to the District Attorney what she believed to be a criminal offense. The Third Circuit, quoting *Lane v. Franks*, 573 U.S. 228 (2014) explained that the "critical question" in determining whether an individual spoke as a public employee versus a private citizen is "whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." *Javitz*, 940 F.3d at 864. Here, unlike in *Javitz*, Plaintiff's reports of child abuse to the ChildLine which he alleges present protected speech, for which he was subjected to retaliation, were undisputedly within the scope of his job duties as a therapist for the Commonwealth, which required him to be a mandated reporter. *See id.* at 866 ("The subject of Javitz's speech was also not within her ordinary job duties. Javitz reported a crime. But the record and the District Court found that nowhere in her job duties was she instructed to report crimes.").

4. Plaintiff's federal claims having been dismissed, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(c)(3). Plaintiff's claim under Pennsylvania's Whistleblower Law is therefore **DISMISSED WITHOUT PREJUDICE**.

5. Plaintiff's Motion for Leave of Court to File a Second Amended Complaint (Doc. 25) is **DENIED** as futile.

6. The Clerk of Court is directed to **CLOSE** the above-captioned action.

Robert D. Mariani
United States District Judge